**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**NATHAN WARREN**                                                                                              **PLAINTIFF**

**V.**                                    **No. 3:07CV00053-BD**

**DAN LANGSTON, et *al.***                                                                                  **DEFENDANTS**

## ORDER

Pending are Defendants' First Motion for Summary Judgment (docket entry #36) filed January 17, 2008, and First Motion to Dismiss (#39) filed January 23, 2008. Defendants move for summary judgment on the basis that Plaintiff cannot offer any proof of: 1) deliberate indifference to his medical needs; 2) an actual physical injury as a result of the Defendants' conduct; or 3) unconstitutional conditions of confinement. Defendants further claim qualified immunity. This case is currently scheduled for a bench trial the week of May 12, 2008.

Defendants move the Court to dismiss Plaintiff's Complaint for failure to comply with Local Rule 5.5(c)(2). Defendants attempted to serve their Motion for Summary Judgment and supporting documents on the Plaintiff. However, the documents were returned to defense counsel as undeliverable (#41).

A.    *Address Information*

When Plaintiff initially filed his 42 U.S.C.§ 1983 action on May 7, 2007, he was being confined in the Greene County Detention Center. On January 2, 2008, the Court received Plaintiff's letter (docket entry #31) which complained about prison personnel

opening his incoming mail. Plaintiff's correspondence did not specifically reference a new mailing address in the text of his letter, but the mailing envelope reflected a return address of 151 Greene 400 Road, Paragould, Arkansas 72450, and this information was updated on the docket (#34).

By Order of May 31, 2007 (#12), Plaintiff was notified of his responsibility to be familiar and comply with Local Rule 5.5(c)(2). In spite of this warning, Plaintiff has not informed the Court of a change in his address as required by the Local Rule, nor has he prosecuted his case as evidenced by his lack of response to Defendants' Motion for Summary Judgment and Motion to Dismiss.

A third address for Mr. Warren has come to the Court's attention, 1507 East Lake Street, Paragould, Arkansas 72450, which appears to have been his mailing address at some point prior to his filing this action (Exhibit 1, Statement of Facts, docket entry #38). The Clerk of Court is directed to update the docket to reflect this address. The Court orders Plaintiff to provide notice of his new address and state his intentions regarding pursuit of this lawsuit. This information must be received on or before March 24, 2008.

B.   *In Forma Pauperis Status*

Since Plaintiff is no longer confined at the Greene County Detention Center, he must submit current information regarding his financial status on or before March 24, 2008, so that the Court can determine whether Plaintiff should be required to pay the remaining filing fees and costs of the lawsuit.

Failure to comply with this Order may result in dismissal of this action under Local Rule 5.5(c)(2) of the Eastern District of Arkansas and Federal Rule of Civil Procedure 41(b).  The Clerk of Court is directed to send Plaintiff a new Application to Proceed *In Forma Pauperis*.

IT IS SO ORDERED this 28th day of February, 2008.

_____
UNITED STATES MAGISTRATE JUDGE